UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AUSTIN CORNELIUS,

               Plaintiff,

   -against-                                         9:11-CV-1370 (LEK/GHL)

EUGENE MILLETT, Corrections
Officer, Coxsackie Correctional
Facility; J. NOETH, Corrections
Officer/Sgt., Coxsackie Correctional
Facility; DANIEL MARTUSCELLO,
Superintendent, Coxsackie
Correctional Facility; and BRIAN
FISCHER, Commissioner, DOCCS,

               Defendants.
_____

**DECISION AND ORDER**

    This action was commenced *pro se* by Plaintiff Austin Cornelius ("Plaintiff") by submitting a Complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). Plaintiff also submitted an Application to proceed *in forma pauperis*. Dkt. No. 2 ("IFP Application").

    Plaintiff's Complaint indicated that as a result of an April 11, 2011 disciplinary hearing, he was sentenced to a recommended loss of good time as well as to a period of disciplinary confinement; this result was affirmed on appeal by Defendant Fischer. Compl. at 7. In a Decision and Order filed January 13, 2012, the Court found that the sanctions challenged by Plaintiff affected both the duration and the conditions of his confinement. Dkt. No. 6 ("January Order").[1] Furthermore, the Court ruled that because Plaintiff had not demonstrated that his recommended loss of good time had been invalidated, the "favorable termination" rule of Heck v. Humphrey, 512 U.S. 477 (1994), barred

---

[1] The Court also granted Plaintiff's IFP Application. Jan. Order at 7.

prosecution of Plaintiff's claims with respect to his disciplinary conviction and sentence unless Plaintiff opted to permanently waive all claims relating to sanctions affecting the duration of his confinement – *i.e.*, the recommended loss of good time.  <u>See</u> Jan. Order at 5-6, 8; <u>see also</u> <u>Peralta v. Vasquez</u>, 467 F.3d 98, 104 (2d Cir. 2006).  The Court afforded Plaintiff thirty days within which to advise the Court in writing whether he wished to waive all claims challenging the recommended loss of good time in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement (the "<u>Peralta</u> Waiver").[2]  Jan. Order at 8.

Plaintiff has filed two submissions in response to the January Order.  The first submission seeks clarification from the Court regarding the effect of a <u>Peralta</u> Waiver.  <u>See</u> Dkt. No. 7 ("Letter Motion").  However, in his subsequent submission, Plaintiff advises the Court in writing that he "hereby waive[s] all claims, both present and future, regarding sanctions that affect the duration of [his] imprisonment." Dkt. No. 9 ("Waiver").  Based upon Plaintiff's Waiver, the Court dismisses all claims set forth in the Complaint relating to the recommended loss of good time and directs service of the Complaint with respect to the remaining claims.  Moreover, in light of Plaintiff's Waiver, Plaintiff's Letter Motion seeking clarification from the Court regarding the effect of a <u>Peralta</u> Waiver is denied as moot.

Accordingly, it is hereby:

**ORDERED**, that all claims set forth in the Complaint relating to the recommended loss of good time are **DISMISSED**; and it is further

**ORDERED**, that the Clerk shall issue Summonses and forward them, along with copies of the

---

[2] Where, as here, an inmate brings a "mixed sanction" claim, the district court must provide the inmate with the option to "waive all claims relating to sanctions affecting the duration of his imprisonment in order to proceed with claims challenging the sanctions affecting the conditions of his confinement." <u>McEachin v. Selsky</u>, 225 F. App'x 36, 37 (2d Cir. 2007).

Complaint, to the United States Marshal for service upon the named Defendants. The Clerk shall forward a copy of the Summons and Complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED**, that a response to Plaintiff's Complaint be filed by Defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on Defendants; and it is further

**ORDERED**, that Plaintiff's Letter Motion (Dkt. No. 7) is **DENIED as moot**; and it is further

**ORDERED**, that all pleadings, motions, and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to so may result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED**.

DATED:   April 10, 2012
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge